IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:22-CR-00418 |
| v. | (Chief Judge Brann) |
| LARRY TODD WILCOX, | |
| Defendant. | |

MEMORANDUM OPINION

NOVEMBER 14, 2025

## I. BACKGROUND

In 2022, Larry Todd Wilcox was charged by indictment with two counts of possession with the intent to distribute and distribution of a controlled substance, specifically 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).[1]

Wilcox thereafter pled guilty, pursuant to a written plea agreement, to one of those counts.[2] The plea agreement explicitly noted that the offense carried a mandatory minimum term of ten years' imprisonment, and a maximum term of life imprisonment due to the quantities of methamphetamine involved in this matter.[3] It further provided that the parties agreed that Wilcox was responsible for a specific quantity of drugs.[4]

---

[1] Doc. 1.
[2] Doc. 29.
[3] *Id.* at 1-3.
[4] *Id.* at 9-10.

The plea agreement stated that Wilcox had discussed the case and plea agreement with his attorney ("Counsel"), and Counsel had advised Wilcox of several things, including the evidence against Wilcox, possible defenses, and consequences of pleading guilty.[5] Moreover, the plea agreement noted that Wilcox was "satisfied with the legal services and advice provided to the defendant by the defendant's attorney."[6]

At the change of plea hearing, Wilcox again acknowledged that he was satisfied with the representation that he had received from Counsel.[7] This Court reiterated that the maximum sentence that could be imposed was life imprisonment, and that the offense carried a mandatory minimum term of ten years' imprisonment; Wilcox stated that he understood these legal bookends to his potential sentence.[8] Counsel and the Government both estimated that Wilcox's offense level would be 29 and his criminal history category would be V—although Counsel acknowledged that the range would be "significantly higher" if Wilcox were a career offender—resulting in an advisory Sentencing Guidelines range of 140 to 175 months' imprisonment.[9]

---

[5]  *Id.* at 23-24.
[6]  *Id.* at 24.
[7]  Doc. 69 at 5.
[8]  *Id.* at 9.
[9]  *Id.* at 10-11.

Wilcox understood, however, that if the actual Sentencing Guidelines range were different than any estimate provided, he would not be able to withdraw his guilty plea, and he understood that no one could guarantee what sentence he would receive from the Court.[10] The Court notified Wilcox that the Sentencing Guidelines range was "advisory only" and that the "Court has the authority to impose a sentence that is more severe or less severe than the sentence prescribes by the guidelines."[11] The Government, in its recitation of the plea agreement, reiterated that the offense of conviction carried "a mandatory minimum period of imprisonment of 10 years."[12]

The Court ultimately accepted the guilty plea, and a Presentence Report ("PSR") was prepared.[13] The PSR noted that Wilcox had, on two occasions, sold methamphetamine to a confidential source employed by the Federal Bureau of Investigations.[14] It also found that Wilcox was a career offender, pursuant to *United States Sentencing Guidelines Manual* § 4B1.1(a), because he had two prior predicate convictions for controlled substance offenses, and his crime of conviction was likewise a controlled substance offense.[15]

At sentencing, Counsel objected to the failure to grant a two-level decrease in Wilcox's offense level for acceptance of responsibility.[16] This Court overruled that

---

[10]   *Id.* at 11, 13.
[11]   *Id.* at 12-13.
[12]   *Id.* at 15.
[13]   Docs. 34, 45.
[14]   Doc. 45 at 4-5.
[15]   *Id.* at 6, 12-13.
[16]   Doc. 70 at 4-6.

objection and determined that Wilcox had an offense level of 35 and a criminal history category VI, resulting in an advisory sentencing range of 292 to 365 months' imprisonment.[17]

The Court ultimately imposed a below-Guidelines sentence of 240 months' imprisonment because, although his crime of conviction was quite serious and he had a lengthy criminal history, Wilcox had a long history of mental health concerns and drug addiction, meaning a lesser, but still lengthy, sentence was appropriate.[18] In imposing this sentence, the Court accounted for the potential penalties that Wilcox faced, and explicitly observed that it must impose "a minimum sentence of 10 years or 120 months."[19]

Wilcox did not file a direct appeal but, instead, in January 2025 filed a timely 28 U.S.C. § 2255 motion challenging his sentence.[20] In his motion, Wilcox raises two distinct claims.[21] First, Wilcox asserts that Counsel was ineffective for failing to object to increased penalties related to his prior convictions when the Government had not submitted a 21 U.S.C. § 851(a)(1) notice in this case.[22] Relatedly, he argues that the increased penalties should not have applied because his prior convictions do not qualify as controlled substance offenses.[23] Second, Wilcox contends that he

---

[17] *Id.* at 7-10.
[18] *Id.* at 16-20.
[19] *Id.* at 19.
[20] Doc. 59.
[21] *Id.*
[22] *Id.* at 3-9.
[23] *Id.*

4

received ineffective assistance of counsel when Counsel failed to argue that 18 U.S.C. § 3661 is unconstitutional.[24]

The Government responds that Wilcox's § 2255 motion is without merit.[25] It first argues that no notice was required pursuant to 21 U.S.C. § 851 because Wilcox's mandatory minimum sentence was not increased due to his prior criminal convictions.[26] Second, it asserts that Wilcox cannot establish that he received ineffective assistance of counsel related to the career offender provision because Wilcox's prior criminal convictions qualify as controlled substance offenses under the Sentencing Guidelines, and Counsel therefore did not perform deficiently in deciding not to object to application of the career offender provision.[27] Finally, the Government maintains that 18 U.S.C. § 3661 is plainly constitutional, and Counsel was not ineffective in failing to object to that statute.[28]

Wilcox has filed a reply brief, rendering this matter ripe for disposition.[29] For the reasons discussed below, the Court will deny Wilcox's motion.

---

[24] *Id.* at 9.
[25] Doc. 65.
[26] *Id.* at 6-7.
[27] *Id.* at 7-10.
[28] *Id.* at 10-11.
[29] Doc. 68.

## II.   DISCUSSION

### 1.   Section 851 Notice

Wilcox first argues that the sentence imposed violated his due process rights because the Government never filed a 21 U.S.C. § 851 notice, and counsel was ineffective for failing to raise this issue.[30]

Federal law provides that no person

> shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.[31]

The Government concedes that no such notice was filed in this case.[32] Had the statutory mandatory minimum sentence related to Wilcox's crime of conviction been enhanced based upon any prior conviction, such an enhancement would therefore have been unlawful. However, as noted multiple times prior to and during sentencing in this matter, Wilcox was subject to a ten-year mandatory minimum sentence based upon the drug quantities involved, and that mandatory minimum was not increased due to prior convictions.[33] Therefore, no 851 notice was required here, and Wilcox's claim is without merit.

---

[30] Doc. 59 at 3-7.
[31] 21 U.S.C. § 851(a)(1).
[32] Doc. 65 at 7.
[33] *See* Doc. 29 at 1-3; Doc. 69 at 9, 15; Doc. 70 at 19.

To the extent that Wilcox asserts that the failure to file an 851 notice was fatal to the application of the career offender provision in this case, such an "argument is frivolous."[34] The United States Court of Appeals for the Third Circuit first held, more than three decades ago, that "851(a)(1) requires the government to file a pretrial information only if it intends to seek a sentence beyond the maximum provided by the statute" and, therefore, "the government is not required to file a pretrial information to subject a defendant to sentencing as a career offender under U.S.S.G. § 4B1.1."[35] Accordingly, the failure to file an 851 notice has no impact on the application of the career offender provision in calculating Wilcox's Sentencing Guidelines range.

Moreover, this conclusively demonstrates that Counsel was not ineffective for failing to object to this issue. It is well established that "counsel cannot be deemed ineffective for failing to raise a meritless claim."[36] Because there is no merit to this claim, any argument that Wilcox received ineffective assistance of counsel must fail.

### 2. Career Offender Application

Next, Wilcox argues that Counsel was ineffective for failing to object to the application of the career offender provision of the Sentencing Guidelines.[37]

---

[34] *United States v. Washington*, 358 F. App'x 309, 314 (3d Cir. 2009).
[35] *United States v. Day*, 969 F.2d 39, 48 (3d Cir. 1992).
[36] *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 379 (3d Cir. 2018) (internal quotation marks omitted).
[37] Doc. 59 at 7-9.

Specifically, he argues that his prior state court convictions for drug trafficking, pursuant to 35 Pa. Stat. Ann. § 780-113(a)(30), do not qualify as controlled substance offenses because that statute criminalizes conduct beyond its federal equivalent—that being the distribution of ioflupane.[38]

The Third Circuit has categorically rejected Wilcox's argument and held that "a 'controlled substance' under § 4B1.2(b) of the United States Sentencing Guidelines is a drug regulated by either state or federal law" and, therefore, it is "irrelevant" that the state law may define controlled substances more broadly than federal law.[39] Consequently, a conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) "may serve as a predicate offense" for purposes of the career offender provision of the Sentencing Guidelines.[40]

Wilcox was therefore properly subject to the career offender provision of the Sentencing Guidelines, and any objection to its application would have been meritless. Counsel did not perform deficiently by failing to object to that provision, nor was Wilcox prejudiced by said failure, and this claim fails.

---

[38] *Id.*
[39] *United States v. Lewis*, 58 F.4th 764, 771 (3d Cir. 2023).
[40] *United States v. Hurtt*, 105 F.4th 520, 525 (3d Cir. 2024) (quoting *United States v. Glass*, 904 F.3d 319, 324 (3d Cir. 2018)).

### 3. Constitutionality of 18 U.S.C. § 3661

Finally, Wilcox argues in conclusory fashion that Counsel was ineffective for failing to argue that 18 U.S.C. § 3661 is unconstitutional.[41] Wilcox provides no argument to support this assertion, but merely contends that § 3661 "does away with all the 'constitutional protections' of the entire Federal Constitution."[42] That statute provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

As with some of Wilcox's prior arguments, this too is foreclosed by binding precedent. In *United States v. Booker*, the Supreme Court of the United States examined the sentencing statutes enacted by the Sentencing Reform Act and found two sections unconstitutional: the section making the Sentencing Guidelines mandatory, and the provision setting the standard of review for a criminal appeal.[43] The Supreme Court then concluded that "[w]ith these two sections excised (and statutory cross-references to the two sections consequently invalidated), the remainder of the Act satisfies the Court's constitutional requirements."[44] Given that

---

[41] Doc. 59 at 9.
[42] *Id.*
[43] 543 U.S. 220, 259 (2005).
[44] *Id. See also United States v. Scott*, 178 F. App'x 140, 143 (3d Cir. 2006) (observing that the Supreme Court in *Booker* "remedied the Guidelines by excising two provisions of the Sentencing Reform Act that made them mandatory, . . . but did not strike down 18 U.S.C. § 3661").

the Supreme Court has held that § 3661 is constitutional, Counsel could not have performed deficiently in failing to argue to the contrary, and this claim of ineffective assistance of counsel fails.

### 4. Certificate of Appealability

Because this Court will deny Wilcox's § 2255 motion, this decision will not be appealable unless this Court or a circuit justice issues a certificate of appealability.[45] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."[46] To satisfy this standard Wilcox must demonstrate that reasonable jurists would find that the Court's assessment of the constitutional claims is debatable or wrong.[47] This Court finds that Wilcox has not met this burden, and the Court therefore declines to issue a certificate of appealability.

---

[45] 28 U.S.C. § 2253(c)(1)(B).
[46] *Id.* § 2253(c)(2).
[47] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

## III.  CONCLUSION

For the foregoing reasons, Wilcox's 28 U.S.C. § 2255 motion will be denied.

The Court will also deny a certificate of appealability.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
